

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 2, 2021 16:40**

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2171774

LISA LATTEN                                       CV 21 943599

      vs.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.,        **Judge:**  NANCY MARGARET RUSSO
ET AL

**Pages Filed:**  17

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LISA LATTEN<br>25300 Chardon Road<br>Richmond Heights, Ohio 44143<br> Plaintiff, <br><br> v. <br><br>UNIVERSITY HOSPITALS HEALTH<br>SYSTEM, INC.<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>    **Serve also:**<br>    University Hospitals Health System,<br>    Inc.<br>    c/o ACFB Incorporated<br>    200 Public Square, Suite 2300<br>    Cleveland, Ohio 44114<br><br>    -and-<br><br>UNIVERSITY HOSPITALS CLEVELAND<br>MEDICAL CENTER<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>    **Serve also:**<br>    University Hospitals Cleveland<br>    Medical Center<br>    c/o ACFB Incorporated<br>    200 Public Square, Suite 2300<br>    Cleveland, Ohio 44114<br><br>    -and-<br><br>BARBARA DEMAGALL<br>2016 Trailwood Drive<br>Twinsburg, Ohio 44087<br><br>    -and- | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

The Employee's Attorney.™



KAREN IACIANCI CORBY )
5812 Circle Drive )
Mayfield Heights, Ohio 44124 )
 )
                            Defendants. )

Plaintiff, Lisa Latten, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES AND VENUE

1. Latten is a resident of the city of Richmond Heights, county of Cuyahoga, state of Ohio.

2. University Hospitals Health System, Inc. is a domestic corporation with a business located at 11100 Euclid Avenue, Cleveland, Ohio 44106.

3. University Hospitals Health System, Inc. was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et al*.

4. University Hospitals Cleveland Medical Center is a domestic corporation with a business located at 11100 Euclid Avenue, Cleveland, Ohio 44106.

5. University Hospitals Cleveland Medical Center was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et al*.

6. At all material times hereinafter mentioned, University Hospitals health System, Inc. and University Hospitals Cleveland Medical Center were joint employers of Latten ("University Hospitals").

7. Upon information and belief, Defendant Barbara Demagall is a resident of the state of Ohio.

8. Demagall was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at University Hospitals who acted directly or indirectly in the interest of University Hospitals.



9.   Demagall was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et al*.

10.  Demagall made and/or participated in the adverse actions asserted herein.

11.  Upon information and belief, Defendant Karen Iacianci Corby is a resident of the state of Ohio.

12.  Corby was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at University Hospitals who acted directly or indirectly in the interest of University Hospitals.

13.  Corby was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et al*.

14.  Corby made and/or participated in the adverse actions asserted herein.

15.  All of the material events alleged in this Complaint occurred in Cuyahoga County.

16.  Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

17.  Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

18.  This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

19.  Latten is a former employee of University Hospitals.

20.  Latten began working for University Hospitals in October 2007..

21.  University Hospitals employed Latten as a Clinical Research Specialist I.

22.  University Hospitals employed Demagall as a Clinical Nurse Manager.

23.  Demagall was Latten's immediate supervisor.



24. During all material events asserted herein, Demagall has and/or had authority to hire, fire, and/or discipline employees.

25. University Hospitals employed Corby as a Nurse Manager.

26. Corby was Latten's immediate supervisor.

27. During all material events asserted herein, Corby has and/or had authority to hire, fire, and/or discipline employees.

28. Latten recently received a promotion, being named a Clinical Research Specialist I on December 23, 2019.

29. The nurses on Latten's unit provided training for the position of Clinical Research Specialist I.

30. University Hospitals employed Latten during the COVID-19 pandemic.

31. By March 2020, Latten's training was approximately 30% complete.

32. On March 16, 2020, Latten notified Demagall that she was not feeling well.

33. On March 19, 2020, Latten contacted her physician after having a cough and feeling feverish and dizzy during a meeting with Demagall.

34. Latten contacted her physician because coughing and fever were symptoms consistent with COVID-19.

35. As a result of experiencing symptoms consistent with COVID-19, Demagall perceived Latten to be disabled.

36. Despite any perceived disability, Latten was capable of performing her essential job functions with or without reasonable accommodation(s).

37. Latten's physician instructed Latten to go home and quarantine herself.



38. Latten's physician instructed Latten to go home and quarantine herself because Latten experienced symptoms consistent with COVID-19.

39. Latten complied with her physician's orders.

40. Latten did not get tested for COVID-19.

41. Latten did not get tested for COVID-19 because of a state-wide shortage of COVID-19 tests available.

42. Although Latten did not get tested for COVID-19, Latten's physician instructed her to quarantine.

43. Latten's physician instructed Latten to quarantine because he operated under the assumption that Latten may have COVID-19.

44. Latten's failure to test for COVID-19 bears no indication as to whether Latten in fact had COVID-19.

45. After leaving work, Latten executed FMLA paperwork and sent the paperwork to Regroup, the third-party administrators for University Hospitals' FMLA program.

46. University Hospitals is subject to the provisions of the FMLA.

47. Latten qualified for protected leave under the FMLA.

48. Regroup denied Latten's FMLA because University Hospitals' HR decided to handle all the COVID-19-related cases in-house.

49. Nowhere in the FMLA does it provide that an employer can unilaterally deny an employee who is qualified for legally protected leave under the FMLA in favor of another program.

50. When University Hospitals denied Latten legally protected leave under the FMLA, it per se violated the provisions of the FMLA.

51. Latten's physician cleared Lisa to return to work after her quarantine on April 1, 2020.

The Employee's Attorney.™



52. As a result of experiencing symptoms consistent with COVID-19, Corby perceived Latten to be disabled.

53. Despite being cleared to return to work, Corby refused to allow Latten to return to work.

54. Corby told Latten that there was no work for her to do.

55. Corby prevented Latten to return to work until April 20, 2020.

56. Corby prevented Latten to return to work until April 20, 2020 in an effort to try to get Latten to quit.

57. Individuals who were not perceived to be disabled were permitted to work between April 1, 2020 and April 20, 2020.

58. Individuals who did not request FMLA leave were permitted to work between April 1, 2020 and April 20, 2020.

59. Between April 1, 2020 and April 20, 2020, University Hospitals forced Latten to burn through her paid time off ("PTO") to receive payment.

60. University Hospitals should have allowed Latten to utilize FMLA leave, but prevented Latten from taking advantage of the legally-protected leave.

61. After returning to work on April 20, 2020, both Corby and Demagall gave Latten anectdotals, or write-ups, and bad performance reviews.

62. Corby and Demagall did not give anectdotals, or write-ups, and bad performance reviews to employees who were not perceived to be disabled.

63. Corby and Demagall did not give anectdotals, or write-ups, and bad performance reviews to employees who did not previously request FMLA leave.

64. Corby and Demagall gave Latten anectdotals, or write-ups, and bad performance reviews in an effort to make Latten quit.



65. After returning to work from being out with COVID-19 symptoms, the nurses refused to train Latten.

66. As a result of having symptoms consistent with COVID-19, the nurses perceived Latten to be disabled.

67. The nurses did not refuse to train employees who were not perceived to be disabled.

68. The nurses did not refuse to train employees who did not previously have request FMLA leave.

69. The nurses refused to train Latten in an effort to make Latten quit.

70. Prior to experiencing COVID-19 symptoms, Corby and Demagall agreed to have the nurses provide further training for Latten's position.

71. Latten reported the nurses' failure to provide further training to Corby and Demagall.

72. Latten reported to Corby and Demagall that she felt discriminated against due to the nurses' failure to provide further training because they perceived her to be disabled.

73. Latten reported to Corby and Demagall that she felt retaliated against due to the nurses' failure to provide further training.

74. Corby had a duty to investigate Latten's complaint of discriminatory and retaliatory conduct.

75. Demagall had a duty to investigate Latten's complaint of discriminatory and retaliatory conduct.

76. Upon information and belief, Defendants have a policy requiring investigations following receipt of a complaint of discrimination and retaliation.

77. An investigation should include interviewing the complainant.

78. An investigation should include interviewing the subject of the complaint.

79. An investigation should include interviewing the subject of the reported incident.

80. An investigation should include interviewing witnesses to the reported incident.



81. An investigation should include getting a written statement from the complainant.

82. An investigation should include getting a written statement from the subject of the complaint.

83. An investigation should include getting a written statement from the subject of the reported incident.

84. In response to Latten's complaint of discrimination and retaliation, Corby did not interview the nurses.

85. In response to Latten's complaint of discrimination and retaliation, Demagall did not interview the nurses.

86. In response to Latten's complaint of discrimination and retaliation, Corby did not get a written statement from Latten.

87. In response to Latten's complaint of discrimination and retaliation, Demagall did not get a written statement from Latten.

88. In response to Latten's complaint of discrimination and retaliation, Corby did not get a written statement from the nurses.

89. In response to Latten's complaint of discrimination and retaliation, Demagall did not get a written statement from the nurses.

90. In response to Latten's complaint of discrimination and retaliation, Corby did not take corrective action against the nurses.

91. In response to Latten's complaint of discrimination and retaliation, Demagall did not take corrective action against the nurses.

92. Corby ratified the nurses' discriminatory and retaliatory conduct in failing to conduct an investigation into Latten's discrimination and retaliation complaint.



93. Demagall ratified the nurses' discriminatory and retaliatory conduct in failing to conduct an investigation into Latten's discrimination and retaliation complaint.

94. Corby ratified the nurses' discriminatory and retaliatory conduct in failing to discipline the nurses following Latten's discrimination and retaliation complaint.

95. Demagall ratified the nurses' discriminatory and retaliatory conduct in failing to discipline the nurses following Latten's discrimination and retaliation complaint.

96. Due to the discrimination and retaliation, Latten filed a charge with the EEOC.

97. Although Latten notified Corby and Demagall that she filed a charge with the EEOC, Corby and Demagall continued to write up Latten for work that Latten did not receive full training.

98. Latten also filed complaints with HR regarding the discrimination and retaliation on July 17, 2020.

99. HR failed to take any action to correct the issues.

100. Corby, Demagall, and University Hospitals set Latten up to fail.

101. University Hospitals constructively discharged Latten on August 10, 2020.

102. A reasonable person would have found Latten's working conditions to be so unusually adverse that a reasonable person would have felt compelled to resign.

103. Defendants intended to create working conditions that were so unusually adverse that it would force Latten to quit.

104. Defendants constructively discharged Latten because she requested to take FMLA leave.

105. Defendants constructively discharged Latten because she complained about discrimination and retaliation.



106.  University Hospitals prevented Latten from taking FMLA when she was qualified to do so, and allowed its managers and employees to discriminate and retaliate against Latten for having COVID-19 symptoms.

107.  Upon information and belief, Defendants have a progressive disciplinary policy ("Progressive Discipline Policy").

108.  Defendants have used Progressive Discipline Policy when disciplining employees who have not requested FMLA leave.

109.  Defendants have used Progressive Discipline Policy when disciplining employees who have not complained of discrimination and retaliation.

110.  Under Progressive Discipline Policy, Latten had not received any meaningful discipline.

111.  Under Progressive Discipline Policy, Latten had not received any written warnings.

112.  Under Progressive Discipline Policy, Latten had not been suspended.

113.  Defendants skipped steps under the Progressive Discipline Policy when they constructively terminated Latten.

114.  Skipping steps under the Progressive Discipline Policy is an adverse employment action.

115.  Skipping steps under the Progressive Discipline Policy is an adverse action.

116.  Defendants intentionally skipped steps under the Progressive Discipline Policy when they constructively terminated Latten.

117.  Defendants willfully made the decision to skip steps under the Progressive Discipline Policy when they constructively terminated Latten.

118.  Constructively terminating Latten was an adverse employment action.

119.  Constructively terminating Latten was an adverse action.



## COUNT I: DISABILITY DISCRIMINATION

120.    Latten restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121.    On or around March 16, 2020, Latten suffered from symptoms consistent with COVID-19.

122.    As a result of experiencing symptoms consistent with COVID-19, Corby perceived Latten as being disabled.

123.    As a result of experiencing symptoms consistent with COVID-19, Demagall perceived Latten as being disabled.

124.    As a result of experiencing symptoms consistent with COVID-19, University Hospitals perceived Latten as being disabled.

125.    Latten's condition constituted a physical impairment.

126.    Latten's condition substantially impaired one or more of her major life activities including working.

127.    Corby treated Latten differently than other similarly-situated employees based on her perceived disabling condition.

128.    Demagall treated Latten differently than other similarly-situated employees based on her perceived disabling condition.

129.    University Hospitals treated Latten differently than other similarly-situated employees based on her perceived disabling condition.

130.    On or about August 10, 2020, Corby constructively discharged Latten.

131.    On or about August 10, 2020, Demagall constructively discharged Latten.

132.    On or about August 10, 2020, University Hospitals constructively discharged Latten.

133.    Defendants constructively terminated Latten based her perceived disability.

The Employee's Attorney.™



134.    Defendants violated R.C. § 4112.01 *et seq*. when it discharged Latten based on her perceived disability.

135.    Defendants violated R.C. § 4112.01 *et seq*. by discriminating against Latten based on her perceived disabling condition.

136.    Latten suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

137.    As a direct and proximate result of Defendants' conduct, Latten suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II:  UNLAWFUL RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

138.    Latten restates each and every prior paragraph of this complaint, as if it were fully restated herein.

139.    As a result of the Defendants' discriminatory conduct described above, Latten complained about the discrimination and retaliation she was experiencing.

140.    Subsequent to Latten reporting of discrimination and harassment to HR and filing an EEOC complaint, Corby and Demagall continued to write up Latten for work that Latten did not receive full training.

141.    Defendants' actions were retaliatory in nature based on Latten's opposition to the unlawful discriminatory conduct.

142.    Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

143.    Latten suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.



144. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Latten, she suffered and will continue to suffer damages, including economic, emotional distress damages.

### COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

145. Latten restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

146. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

147. University Hospitals is a covered employer under the FMLA.

148. During her employment, Latten qualified for FMLA leave.

149. When Latten experienced symptoms consistent with COVID-19, she had a qualified medical condition under the FMLA.

150. During her employment, Latten attempted to request FMLA leave by asking Defendants if she qualified to take FMLA leave.

151. Defendants failed to properly advise Latten of her rights under the FMLA.

152. Regroup denied Latten's FMLA because University Hospitals' HR decided to handle all the COVID-19-related cases in-house.

153. Nowhere in the FMLA does it provide that an employer can unilaterally deny an employee who is qualified for legally protected leave under the FMLA in favor of another program.

154. When University Hospitals denied Latten legally protected leave under the FMLA, it per se violated the provisions of the FMLA.

155. Defendants unlawfully interfered with Latten's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.



156.　As a direct and proximate result of Defendants' conduct, Latten is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

157.　Latten restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

158.　On or around March 19, 2020, Latten executed FMLA paperwork and sent the paperwork to Regroup, the third-party administrators for University Hospitals' FMLA program.

159.　University Hospitals is subject to the provisions of the FMLA.

160.　Latten qualified for protected leave under the FMLA.

161.　Regroup denied Latten's FMLA because University Hospitals' HR decided to handle all the COVID-19-related cases in-house.

162.　Nowhere in the FMLA does it provide that an employer can unilaterally deny an employee who is qualified for legally protected leave under the FMLA in favor of another program.

163.　When University Hospitals denied Latten legally protected leave under the FMLA, it per se violated the provisions of the FMLA.

164.　After Latten requested to take qualified FMLA leave, Defendants retaliated against her.

165.　Defendants retaliated against Latten by refusing to discipline the nurses who refused to train Latten.

166.　Defendants retaliated against Latten by giving Latten anectdotals, or write-ups, and bad performance reviews.

167.　Defendants retaliated against Latten by constructively terminating her employment.

168.　Defendants willfully retaliated against Latten in violation of U.S.C. § 2615(a).



169.    As a direct and proximate result of Defendants' wrongful conduct, Latten is entitled to all

damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable

attorney's fees.

### **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Lisa Latten requests judgment against all Defendants and for an

Order:

a.  Ordering Defendants to restore Plaintiff to one of the positions to which she is entitled by the virtue of her application and qualifications, and expunger her personnel file of all negative documentation;

b.  Awarding damages, including actual, economic, non-economic, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

c.  Awarding Plaintiff damages for the mental anguish and distress caused by Defendants' unlawful conduct as described in Counts I – IV.

d.  Awarding pre-judgment and post-judgment interest as provided by law;

e.  Awarding reasonable attorneys' fees and costs; and

f.  Awarding such other and further relief that this Court deems appropriate.



Respectfully submitted,

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff*



## **JURY DEMAND**

Plaintiff Lisa Latten demands a trial by jury by the maximum number of jurors permitted.

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)



# CASE INFORMATION

**CV-21-943599 LISA LATTEN vs. UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL**

View Printer Friendly Version

### Docket Information

| From Filing Date | Docket Type 1 | Docket Type 2 | Docket Type 3 | Docket Type 4 | Filter Results |
|---|---|---|---|---|---|
| __/__/__ ❓ | [SELECT] ⌄ | [SELECT] ⌄ | [SELECT] ⌄ | [SELECT] ⌄ | Start Search ❓ |

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 02/17/2021 | N/A | SR | USPS RECEIPT NO. 43588299 DELIVERED BY USPS 02/08/2021 IACIANCI CORBY/KAREN/ PROCESSED BY COC 02/17/2021. | |
| 02/17/2021 | N/A | SR | USPS RECEIPT NO. 43588298 DELIVERED BY USPS 02/08/2021 DEMAGALL/BARBARA/ PROCESSED BY COC 02/17/2021. | |
| 02/17/2021 | N/A | SR | USPS RECEIPT NO. 43588297 DELIVERED BY USPS 02/09/2021 UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER PROCESSED BY COC 02/17/2021. | |
| 02/17/2021 | N/A | SR | USPS RECEIPT NO. 43588295 DELIVERED BY USPS 02/09/2021 UNIVERSITY HOSPITALS HEALTH SYSTEM,INC. PROCESSED BY COC 02/17/2021. | |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 02/03/2021 | D4 | CS | WRIT FEE | |
| 02/03/2021 | D4 | SR | SUMS COMPLAINT(43588299) SENT BY CERTIFIED MAIL. TO: KAREN IACIANCI CORBY 5812 | 📄 |

| | | | |
|---|---|---|---|
| | | | CIRCLE DRIVE MAYFIELD HEIGHTS, OH 44124 |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 02/03/2021 | D3 | CS | WRIT FEE |
| 02/03/2021 | D3 | SR | SUMS COMPLAINT(43588298) SENT BY CERTIFIED MAIL. TO: BARBARA DEMAGALL 2016 TRAILWOOD DRIVE TWINSBURG, OH 44087 |
| 02/03/2021 | D2 | CS | WRIT FEE |
| 02/03/2021 | D2 | SR | SUMS COMPLAINT(43588297) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER C/O ACFB INCORORATED 200 PUBLIC SQUARE, SUTE 2300 CLEVELAND, OH 44114-0000 |
| 02/03/2021 | D2 | CS | WRIT FEE |
| 02/03/2021 | D2 | SR | SUMS COMPLAINT(43588296) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER 11100 EUCLID AVENUE CLEVELAND, OH 44106 |
| 02/03/2021 | D1 | CS | WRIT FEE |
| 02/03/2021 | D1 | SR | SUMS COMPLAINT(43588295) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS HEALTH SYSTEM,INC. C/O ACFB INCORPORATED 200 PUBLIC SUARE, SUITE 2300 CLEVELAND, OH 44114-0000 |
| 02/03/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 02/03/2021 | D1 | CS | WRIT FEE |

| 02/03/2021 | D1 | SR | SUMS COMPLAINT(43588294) SENT BY CERTIFIED MAIL. TO: UNIVERSITY HOSPITALS HEALTH SYSTEM,INC. 11100 EUCLID AVENUE CLEVELAND, OH 44106 | 📄 |
| 02/03/2021 | N/A | SF | JUDGE NANCY MARGARET RUSSO ASSIGNED (RANDOM) | |
| 02/03/2021 | P1 | SF | LEGAL RESEARCH | |
| 02/03/2021 | P1 | SF | LEGAL NEWS | |
| 02/03/2021 | P1 | SF | LEGAL AID | |
| 02/03/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 02/03/2021 | P1 | SF | COMPUTER FEE | |
| 02/03/2021 | P1 | SF | CLERK'S FEE | |
| 02/03/2021 | P1 | SF | DEPOSIT AMOUNT PAID DANIEL S. DUBOW | |
| 02/02/2021 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2021 PROWARE. All Rights Reserved. 1.1.256

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV21943599 | D2 CM | 43588296 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| LISA LATTEN | **PLAINTIFF** |
| **VS** | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL | **DEFENDANT** |

# SUMMONS

UNIVERSITY HOSPITALS CLEVELAND
MEDICAL CENTER
11100 EUCLID AVENUE
CLEVELAND OH 44106

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Feb 3, 2021 |

By _____
Deputy

COMPLAINT FILED    02/02/2021

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV21943599 | D2 CM | 43588297 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LISA LATTEN
**VS**     **PLAINTIFF**

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL     **DEFENDANT**

# SUMMONS

UNIVERSITY HOSPITALS CLEVELAND
MEDICAL CENTER
C/O ACFB INCORORATED
200 PUBLIC SQUARE, SUTE 2300
CLEVELAND OH 44114-0000

**You have been named defendant in a sums complaint** (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

**Said answer is required to be served on:**



**You are hereby summoned** and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Plantiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

**Said answer is required to be served on Plaintiff's Attorney** (Address denoted by arrow at left.)

**Your answer must also be filed** with the court within 3 days after service of said answer on plaintiff's attorney.

**If you fail to do so, judgment by default** will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Feb 3, 2021 |

By _____
                    Deputy

COMPLAINT FILED   02/02/2021

CMSN130

**SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21943599 | D1 CM | 43588295 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LISA LATTEN

**VS**                                    **PLAINTIFF**

UNIVERSITY HOSPITALS HEALTH SYSTEM,      **DEFENDANT**
INC., ET AL

# SUMMONS

UNIVERSITY HOSPITALS HEALTH
SYSTEM,INC.
C/O ACFB INCORPORATED
200 PUBLIC SUARE, SUITE 2300
CLEVELAND OH 44114-0000

**You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.**

**Said answer is required to be served on:**



**You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.**

**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

**Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)**

**Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.**

**If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.**

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Feb 3, 2021 |

By _____
Deputy

COMPLAINT FILED   02/02/2021

CMSN130

# SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV21943599 | D1 CM | 43588294 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  | |
|---|---|
| LISA LATTEN **VS** UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL | **PLAINTIFF**<br><br>**DEFENDANT** |

# SUMMONS

UNIVERSITY HOSPITALS HEALTH
SYSTEM,INC.
11100 EUCLID AVENUE
CLEVELAND OH 44106

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

Plaintiff's Attorney

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Feb 3, 2021 |



By _____
Deputy

COMPLAINT FILED    02/02/2021

CMSN130

**SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21943599 | D4 CM | 43588299 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LISA LATTEN

**VS**                                           **PLAINTIFF**

UNIVERSITY HOSPITALS HEALTH SYSTEM,
INC., ET AL                                      **DEFENDANT**

# SUMMONS

KAREN IACIANCI CORBY
5812 CIRCLE DRIVE
MAYFIELD HEIGHTS OH 44124

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Feb 3, 2021 |

By_____
Deputy

COMPLAINT FILED   02/02/2021

CMSN130

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21943599 | D3 CM | 43588298 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| LISA LATTEN | **PLAINTIFF** |
| **VS** | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., ET AL | **DEFENDANT** |

# SUMMONS

BARBARA DEMAGALL
2016 TRAILWOOD DRIVE
TWINSBURG OH 44087

**You have been named defendant in a sums complaint** (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

**Said answer is required to be served on:**



Plaintiff's Attorney

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

NANCY MARGARET RUSSO
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Feb 3, 2021 |

By
Deputy



COMPLAINT FILED   02/02/2021

CMSN130