# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LISA LATTEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., *et al,*<br><br>    Defendants. | CASE NO: 1:21-cv-00515-JG<br><br>JUDGE JAMES S. GWIN |

## **STIPULATED PROTECTIVE ORDER**

This matter is before the Court pursuant to the agreement of Plaintiff Lisa Latten, ("Plaintiff") and University Hospitals Cleveland Medical Center ("Defendant") for entry of a stipulated protective order under Rule 26(C) of the Ohio Rules of Civil Procedure in order to protect the parties' legitimate concerns of confidentiality and preservation of confidential information. For good cause shown, it is therefore ORDERED, ADJUDGED and DECREED as follows:

    **1.**     **Definitions.** For purposes of this Order, the following definitions shall apply**.**

        a.     Discovery Items**:** All materials and information produced or provided by the parties or any third party through discovery in this action, including, but not limited to, documents or other tangible things produced pursuant to Rule 34, deposition testimony, and any documents marked as exhibits at any deposition or trial. As used herein, "discovery" means formal and informal discovery.

        b.     Producing Party**:** The party which is producing or providing discovery items.

        c.     Inspecting Party**:** The party or parties which is/are receiving discovery items produced or provided by another party.

    d. <u>Confidential Material</u>**:** Documents, information, or other tangible things, or parts thereof, which a producing party has designated as "CONFIDENTIAL" pursuant to paragraph 3 of this Order, and all copies, extracts, summaries, analyses, or other communications that contain, reflect, reveal, refer, or relate to same.

    e. <u>Authorized Counsel</u>**:** Counsel who have entered an appearance in this action as counsel for Plaintiff or Defendant, and members and staff of their respective firms.

**2.** **<u>Use Solely for this Litigation</u>**. All Confidential Material shall be used only in connection with the prosecution or defense of this action and for no other purpose. Notwithstanding the foregoing, Confidential Material produced in this litigation may be used in litigation in which Plaintiff is a party, and Defendant is also a party, subject to the terms of this Agreement, provided prior written approval is obtained from the producing party, which approval shall not be unreasonably withheld if the Confidential Material is relevant to the issues in the litigation.

**3.** **<u>Confidential Materials.</u>** Whenever a party or third party believes that a discovery item contains (1) non-public information relating to the vendors, customers, or clients of Defendant; (2) sensitive commercial, financial, or proprietary business information and/or trade secrets belonging to Defendant; and (3) personnel records and/or information related to current and/or former employees of Defendant other than Plaintiff Lisa Latten, including, but not necessarily limited to, dates of birth, work history, performance-related documentation, and/or compensation information, the party may designate such item, or part thereof, as "CONFIDENTIAL," in which event the use and disclosure of the discovery item, or part thereof, so designated shall be subject to the following provisions of this Order. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibits disclosure of certain HIPAA-protected information. HIPAA-protected

information, including individual identifiers, will be redacted from the material produced in the course of this litigation.

    4.    **<u>Means of Designation of Discovery Items as Confidential.</u>** Designation of discovery items, or parts thereof, as "CONFIDENTIAL" shall be done as follows:

    a. <u>Documents and Other Tangible Things</u>. In the case of documents and other tangible things, the producing party shall stamp or label each such item as "CONFIDENTIAL." Whenever an inspecting party believes that a discovery item, or parts thereof, should have been designated by the producing party as "CONFIDENTIAL" but was not, the inspecting party may designate such item(s) as "CONFIDENTIAL" via written notice to the producing party, specifying which discovery items the inspecting party wishes to designate as "CONFIDENTIAL."

    b. <u>Depositions.</u> Oral deposition testimony revealing Confidential Material and/or any portion of a deposition involving an exhibit containing Confidential Material may be designated as "CONFIDENTIAL" by making an appropriate notation on the record at the time of the deposition. Any party may also designate Confidential Material as "CONFIDENTIAL" by identifying, within ten (10) business days following receipt by counsel of a copy of the transcript, the specific pages and lines of the transcript that are so designated and notifying the other parties in writing of such designation.

    5.    **<u>Disclosure of Confidential Material to Counsel</u>.** Discovery items designated as "CONFIDENTIAL" shall be inspected, copied, and used only by authorized counsel for the parties. Counsel for the parties shall not directly or indirectly disclose any Confidential Material to any other person, other than "Designated Persons" indicated below, for use only in connection with this

litigation, unless otherwise ordered by the court or unless the producing party consents to its disclosure. Any such person to whom Confidential Material is disclosed shall not directly or indirectly disclose such item, or the contents or substance thereof, to any other person.

"Designated Persons," for purposes of this Order, are:

  a. Plaintiff Lisa Latten;

  b. Defendant University Hospitals Cleveland Medical Center;

  c. Outside copy services employed by counsel for any party, but only to the extent necessary for the conduct of this litigation;

  d. Testifying or consulting experts who are retained by a party or party's counsel in order to assist in the conduct of this litigation, but only to the extent necessary for the same;

  e. Deponents;

  f. Lay witnesses whom the respective parties anticipate calling at trial; and

  g. The Court, including all Court personnel.

All such persons shall be informed of the terms of this Order before authorized counsel furnishes, shows or discloses Confidential Material to them. Any lay witnesses whom a party anticipates calling at trial (unless simply shown Confidential Material during a deposition and not provided copies of the same to retain), experts, and/or outside copy services personnel to whom such information is furnished, shown, or disclosed shall sign an acknowledgement of receipt of this Order, in the form attached hereto, stating that he or she has read this Order and agrees to be bound by its provisions, which acknowledgement shall be retained by counsel for the party who furnishes, shows, or discloses such Confidential Material to such person. Parties to the lawsuit, authorized counsel, and lay witnesses who are simply shown Confidential Material

during a deposition and are not provided copies to retain need not sign an acknowledgement of receipt of this Order provided they are informed of the terms of the Order.

The parties hereto recognize that any party may request that other persons affiliated with the requesting party may hereafter be designated as "Designated Persons" to review some or all confidential materials notwithstanding the designations above. If such request is not agreed to by all parties to this litigation, the requesting party may present the dispute to the Court by way of a telephone conference to seek an Order allowing the contemplated disclosure.

**6.** **Use of Confidential Material.** Prior to the filing in this action of any Confidential Material by either counsel for the inspecting party or counsel for the producing party, counsel shall seal said confidential material in an envelope or other container marked to indicate that the same is subject to this Order and is to be retained under seal unless ordered by the Court to be opened. Such designated Confidential Material shall not become a part of the public record in this action, or otherwise be made available to the public. Only persons authorized under the provisions of this Order, the Court (including a court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such Confidential Material or to any testimony or oral statements disclosing the substance thereof. Any and all Confidential Material filed with the Court in this case, including any document or items filed under seal pursuant to this Order, and/or admitted into evidence at any hearing or trial in this case shall be included in the Court's official record for purposes of appellate review. Nothing in this Order shall, in any way, prevent any party from pursuing any appellate rights, regardless of whether any appellate court permits the parties to file any motion, brief, or confidential discovery material under seal.

Any party may use documents designated as Confidential Material during depositions. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any

document that may be introduced by any party during the trial. If a party intends to present at trial Confidential Material or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Material or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

7. **Disposition of Confidential Material Upon Termination of Action.** All copies of Confidential Material obtained from a party by counsel and any reports or other papers with respect to any of them shall be retained by such counsel, subject to return to the party upon the final termination of this action.

Within two years after final termination of this action, including all appeals, counsel for each party shall, upon request, assemble and return to the respective parties or, at the option of the inspecting party, destroy all Confidential Material designated under the provisions of this Order. Notwithstanding the foregoing, counsel may retain copies of all pleadings, briefs, appendices, and transcripts in their files, regardless of whether such items reflect or include items designated at "CONFIDENTIAL." As well, counsel for the producing party shall maintain for a period of 18 months a complete repository of any documents or tangible items produced as "CONFIDENTIAL" in this litigation and make that repository reasonably available to opposing counsel upon request during that 18 month period

8. **Challenges to Designations of Confidential Material.** This Order shall be without prejudice to the right of any party to this action to bring before the Court the question of whether any particular discovery item is confidential or whether its use should be restricted. The parties hereto recognize and agree that the party claiming material or information as "CONFIDENTIAL" bears the

burden of proof on such issue. Upon challenge from the Inspecting Party, the Producing Party shall have ten (10) business days to request a telephone or other conference with the Court in order for the Court to consider whether the discovery item at issue has been properly designated as "CONFIDENTIAL."

9. **Notice to Court Reporters.** Each court reporter taking any testimony relating to designated confidential material shall be informed of, and provided with, a copy of this Order and shall adhere to the provisions hereof

10. **Miscellaneous.** Nothing herein shall constitute: (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Ohio Rules of Civil Procedure or court order; (b) a waiver of any right to object to any discovery request in this or any other action; or (c) a waiver of any claim of privilege with regard to any testimony, documents, or information. In addition, nothing herein shall limit a party's right to "claw back" inadvertently produced documents containing attorney-client and/or work product or a privileged communication, nor shall it affect a party's obligation to return, sequester, or destroy such information. Further, the production of any document or information without a designation as "Confidential" shall not operate as a waiver if: 1) the disclosure is inadvertent; 2) the producing party took reasonable steps to prevent the disclosure; and 3) the producing party promptly took reasonable steps to rectify the error in accordance with applicable case law regarding the inadvertent disclosure of confidential information.

11. The agreement of the parties to this Order shall not be construed as an agreement or admission:

    a. that any material or document designated as confidential is, in fact, confidential;

    b. as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or

      c.    with respect to the authenticity or relevance of any document designated as confidential.

Either party may seek modification of this Order by stipulation with the opposing party and/or upon such terms and conditions as approved by the Court.

IT IS SO ORDERED.

*s/  James S. Gwin*
JUDGE JAMES S. GWIN

| */s/ Daniel S. Dubow* | */s/David A. Campbell* |
|---|---|
| Daniel S. Dubow (0095530) | David A. Campbell, Esq.  (0066494) |
| THE SPITZ LAW FIRM, LLC | Lewis Brisbois Bisgaard & Smith, LLP |
| 25200 Chagrin Boulevard, Suite 200 | 1375 E. 9th Street |
| Beachwood, OH 44122 | Suite 2250 |
| Phone: (216) 291-4744 | Cleveland, OH 44114 |
| Fax:    (216) 291-5744 | (216) 298-1262 |
| Email:  daniel.dubow@spitzlawfirm.com | David.a.campbell@lewisbrisbois.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |